IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 06-00138-KD-C |
| | ) |
| SCHEVRIS HAWKINS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant Schevris Hawkins' motion which the Court construes as a motion for reconsideration of the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines. U.S.S.G. § 1B1.10 (doc. 273). Upon consideration, and for the reasons set forth herein, Hawkins' motion for reconsideration is **DENIED**.

The Court of Appeals for the Eleventh Circuit has held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena.").

"In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal

1

quotation marks and citations omitted)); United States v. Gossett, 671 Fed. Appx. 748, 749 (11th Cir. 2016) ("In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have been raised but were not. The grounds for granting a Rule 59 motion are intervening changes in controlling law, newly discovered evidence, or manifest errors of law or fact.").

Previously, in the Order denying Hawkins' motion for reduction of sentence, the Court stated that "Hawkins received 12 criminal history points plus 2 additional points for committing the offense while under a criminal justice sentence, for a total score of 14" (doc. 272).  The Court also stated that "[u]pon recalculation, with the addition of 1 status point, instead of 2, his total criminal history score is 13 …" (Id.)[1]

On motion for reconsideration, Hawkins argues that the Court's re-calculation was an error of fact because the Court began with an incorrect total.  Hawkins argues that his "P.S.I. clearly shows that [his] criminal history points are (13)" and if he received a one-point reduction, his score would be 12 (doc. 273). Hawkins cites to and provides his Male Custody Classification Form from the Bureau of Prisons which reads "CRIM HIST SCORE: … 13 POINTS" and his FSA Recidivism Risk Assessment, also from the BOP, which reads "Criminal History Points 13" (doc. 273-1).

The Court finds no error in its re-calculation. Hawkins' Presentence Investigation Report indicated a total of 14 criminal history points composed of 12 points for prior offenses and 2 points for Hawkins having been subject to a criminal justice sentence at the time of the offense (doc. 140, p. 17).   That the BOP calculated 13 criminal history points for purposes of assessing risk of

---

[1] The Court found that Hawkins reduced criminal history score of 13, still yielded a criminal history category of VI, and therefore, Amendment 821 did not have the effect of lowering his sentencing guideline range (doc. 272).  A criminal history score of 12 would yield a criminal history category of V.

recidivism and classification does not change the fact that for purposes of calculating Hawkins' sentencing guideline range, his criminal history points totaled 14. The Court finds no error which would merit reconsideration.

Moreover, as previously stated, Hawkins is serving a revocation sentence. Under U.S.S.G. § 1B1.10, a sentence reduction based upon an amended guideline range is authorized only for "a term of imprisonment imposed as part of the original sentence." Id., Comment n. 8(A). Therefore, he is not eligible for consideration of a reduction in sentence.

**DONE** and **ORDERED** this 10th day of July 2024.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**